**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **EDWARD GALLAGHER,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 3:19-cv-02196-E** |
| **COLBY VOKEY, COLBY VOKEY,** | § | |
| **P.C., PHILLIP STACKHOUSE, and** | § | |
| **UNITED AMERICAN PATRIOTS,** | § | |
| **INC.,** | § | |
| *Defendants.* | § | |

**Defendant Colby Vokey, P.C.'s Original Answer**

Now comes Colby Vokey, P.C. ("Defendant"), Defendant in the above-styled matter, and files this *Original Answer* to Plaintiff's *Original Complaint* and, in support thereof, would respectfully show unto the Court as follows:

## I.     ORIGINAL ANSWER

1.  Defendant admits that Plaintiff is seeking declaratory relief as alleged in paragraph 1 of Plaintiff's *Original Complaint*.  Defendant denies Plaintiff is entitled to any such relief.  Defendant admits Colby Vokey ("Vokey") represented Plaintiff regarding allegations of Plaintiff committing murder but denies the remaining allegations in paragraph 1 of Plaintiff's *Original Complaint*.

2.  Defendant denies the allegations contained in paragraph 2 of Plaintiff's *Original Complaint*.

3.  Defendant denies the allegations contained in paragraph 3 of Plaintiff's *Original Complaint*.

4.  Defendant admits Plaintiff was acquitted of some charges brought against Plaintiff but denies the remaining allegations in paragraph 4 of Plaintiff's *Original Complaint*.

5.  Defendant admits Vokey requested Plaintiff pay the outstanding invoices owed by Plaintiff but denies the remaining allegations in paragraph 5 of Plaintiff's *Original Complaint*.

6. Defendant admits Vokey attempted to initiate arbitration pursuant to its agreement with Plaintiff. Defendant admits it is seeking damages of up to One Million Dollars ($1,000,000.00) for unpaid legal fees. Defendant denies the remaining allegations in paragraph 6 of Plaintiff's *Original Complaint*.

7. Defendant denies the allegations contained in paragraph 7 of Plaintiff's *Original Complaint*.

8. Defendant admits Plaintiff is seeking declaratory relief as stated in paragraph 8 of Plaintiff's *Original Complaint* but denies that Plaintiff is entitled to the same.

9. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 9 of Plaintiff's *Original Complaint*, and therefore denies the same.

10. Defendant admits the allegation in paragraph 10 of Plaintiff's *Original Complaint*.

11. Defendant admits the allegation in paragraph 11 of Plaintiff's *Original Complaint*.

12. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 12 of Plaintiff's *Original Complaint*, and therefore denies the same.

13. Defendant admits the allegation in paragraph 11 of Plaintiff's *Original Complaint*.

14. Defendant admits the allegation in paragraph 14 of Plaintiff's *Original Complaint*.

15. Defendant denies that any events occurred that gave rise to Plaintiff's claims, whether in this district or elsewhere, as stated in paragraph 15 of Plaintiff's *Original Complaint*. Defendant admits that it and Colby Vokey are residents of the Northern District of Texas.

16. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 16 of Plaintiff's *Original Complaint*, and therefore denies the same.

17. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 17 of Plaintiff's *Original Complaint*, and therefore denies the same.

18. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 18 of Plaintiff's *Original Complaint*, and therefore denies the same.

19. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 19 of Plaintiff's *Original Complaint*, and therefore denies the same.

20. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 20 of Plaintiff's *Original Complaint*, and therefore denies the same.

21. Defendant denies the allegations contained in paragraph 21 of Plaintiff's *Original Complaint*.

22. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 22 of Plaintiff's *Original Complaint*, and therefore denies the same.

23. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 23 of Plaintiff's *Original Complaint*, and therefore denies the same.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiff's *Original Complaint*.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiff's *Original Complaint*.

26. Defendant denies the allegations contained in paragraph 26 of Plaintiff's *Original Complaint*.

27. Defendant denies the allegations contained in paragraph 27 of Plaintiff's *Original Complaint*.

28. Defendant denies the allegations contained in paragraph 28 of Plaintiff's *Original Complaint.*

29. Defendant admits that Gavid Gurfein is Vice Chairman of the Board and CEO of United American Patriots but denies the remaining allegations in paragraph 29 of Plaintiff's *Original Complaint.*

30. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 30 of Plaintiff's *Original Complaint*, and therefore denies the same.

31. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 31 of Plaintiff's *Original Complaint*, and therefore denies the same.

32. Defendant denies Vokey made known in the SEAL community that either Defendant or Vokey represented SEALs free of charge for any combat related case as alleged in paragraph 32 of Plaintiff's *Original Complaint*.  Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the remaining allegation in paragraph 32 of Plaintiff's *Original Complaint*, and therefore denies the same.

33. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 33 of Plaintiff's *Original Complaint*, and therefore denies the same.

34. Defendant admits the allegation in paragraph 34 of Plaintiff's *Original Complaint.*

35. Defendant admits Vokey was a member of the UAP board of directors from March of 2017 until he resigned from the board on February 1, 2019; in June of 2019, Vokey accepted an invitation to serve on the advisory council, a non-voting, volunteer position.  Defendant denies the remaining allegations in paragraph 35 of Plaintiff's *Original Complaint.*

36. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation regarding when Plaintiff's UAP application was approved in paragraph 36 of Plaintiff's *Original Complaint*, and therefore denies the same.  Defendant denies the remaining allegations in paragraph 36 of Plaintiff's *Original Complaint*.

37. Defendant states the UAP document speaks for itself and denies the remaining allegations in paragraph 37 of Plaintiff's *Original Complaint*.

38. Defendant states the UAP document speaks for itself and denies the remaining allegations in paragraph 38 of Plaintiff's *Original Complaint*.

39. Defendant states the UAP document speaks for itself and denies the remaining allegations in paragraph 39 of Plaintiff's *Original Complaint*.

40. Defendant states the UAP document speaks for itself and denies the remaining allegations in paragraph 40 of Plaintiff's *Original Complaint*.

41. Defendant denies the allegations contained in paragraph 41 of Plaintiff's *Original Complaint*.

42. Defendant denies the allegations contained in paragraph 42 of Plaintiff's *Original Complaint*.

43. Defendant denies the allegations contained in paragraph 43 of Plaintiff's *Original Complaint*.

44. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 44 of Plaintiff's *Original Complaint*, and therefore denies the same.

45. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 45 of Plaintiff's *Original Complaint*, and therefore denies the same.

46. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 46 of Plaintiff's *Original Complaint*, and therefore denies the same.

47. Defendant denies the allegations contained in paragraph 47 of Plaintiff's *Original Complaint*.

48. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 48 of Plaintiff's *Original Complaint*, and therefore denies the same.

49. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 49 of Plaintiff's *Original Complaint*, and therefore denies the same.

50. Defendant denies the allegations contained in paragraph 50 of Plaintiff's *Original Complaint*.

51. Defendant denies the allegations contained in paragraph 51 of Plaintiff's *Original Complaint*.

52. Defendant denies the allegations contained in paragraph 52 of Plaintiff's *Original Complaint*.

53. Defendant denies the allegations contained in paragraph 53 of Plaintiff's *Original Complaint*.

54. Defendant denies the allegations contained in paragraph 54 of Plaintiff's *Original Complaint*.

55. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 55 of Plaintiff's *Original Complaint*, and therefore denies the same.

56. Defendant denies the allegations contained in paragraph 56 of Plaintiff's *Original Complaint*.

57. Defendant admits Vokey made statements regarding the potential need to alter the legal defense strategy based on funding but denies Vokey made any threats as alleged in paragraph 57 of Plaintiff's *Original Complaint*.

   a.  Defendant admits Vokey made the statement (or one similar) contained in paragraph 57(a) of Plaintiff's *Original Complaint* but denies the statement was made as a threat.

   b.  Defendant admits Vokey made the statement (or one similar) contained in paragraph 57(b) of Plaintiff's *Original Complaint* but denies the statement was made as a threat.

   c.  Defendant admits Vokey made the statement (or one similar) contained in paragraph 57(c) of Plaintiff's *Original Complaint* but denies the statement was made as a threat.

   d.  Defendant admits Vokey made the statement (or one similar) contained in paragraph 57(d) of Plaintiff's *Original Complaint* but denies the statement was made as a threat.

58. Defendant denies the allegations contained in paragraph 58 of Plaintiff's *Original Complaint*.

59. Defendant denies the allegations contained in paragraph 59 of Plaintiff's *Original Complaint*.

60. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 60 of Plaintiff's *Original Complaint*, and therefore denies the same.

61. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 61 of Plaintiff's *Original Complaint*, and therefore denies the same.

62. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 62 of Plaintiff's *Original Complaint*, and therefore denies the same.

63. Defendant admits the allegations contained in paragraph 63 of Plaintiff's *Original Complaint*.

64. Defendant denies the allegations contained in paragraph 64 of Plaintiff's *Original Complaint*.

65. Defendant admits Plaintiff's wife sent a March 8, 2019 letter to Defendant requesting the items in paragraph 65(a)-(g), Defendant denies any threats were made by Mr. Gurfein, Defendant, Vokey, Mr. Stackhouse, or UAP, and denies the remaining allegations in paragraph 65 of Plaintiff's *Original Complaint*.

66. Defendant denies the allegations contained in paragraph 66 of Plaintiff's *Original Complaint*.

67. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 67 of Plaintiff's *Original Complaint*, and therefore denies the same.

68. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 68 of Plaintiff's *Original Complaint*, and therefore denies the same.

69. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 69 of Plaintiff's *Original Complaint*, and therefore denies the same.

70. Defendant denies the allegations contained in paragraph 70 of Plaintiff's *Original Complaint*.

71. Defendant denies Plaintiff made the statement contained in paragraph 71 of Plaintiff's *Original Complaint*; Defendant did receive a March 19, 2019 letter with this statement from Plaintiff's wife, Andrea Gallagher.

72. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 72 of Plaintiff's *Original Complaint*, and therefore denies the same.

73. Defendant denies the allegations contained in paragraph 73 of Plaintiff's *Original Complaint*.

74. Defendant admits the allegations contained in paragraph 74 of Plaintiff's *Original Complaint*.

75. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 75 of Plaintiff's *Original Complaint*, and therefore denies the same.

76. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 76 of Plaintiff's *Original Complaint*, and therefore denies the same.

77. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 77 of Plaintiff's *Original Complaint*, and therefore denies the same.

78. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 78 of Plaintiff's *Original Complaint*, and therefore denies the same.

79. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 79 of Plaintiff's *Original Complaint*, and therefore denies the same.

80. Defendant denies the allegations contained in paragraph 80 of Plaintiff's *Original Complaint*.

81. Defendant admits the allegations contained in paragraph 81 of Plaintiff's *Original Complaint*.

82. Defendant denies the allegations contained in paragraph 82 of Plaintiff's *Original Complaint*.

83. Defendant admits the allegations contained in paragraph 83 of Plaintiff's *Original Complaint*.

84. Defendant denies the allegations contained in paragraph 84 of Plaintiff's *Original Complaint*.

85. Defendant denies the allegations contained in paragraph 85 of Plaintiff's *Original Complaint*.

86. Defendant admits the allegations contained in paragraph 86 of Plaintiff's *Original Complaint*.

87. Defendant admits Vokey and Defendant filed suit against Plaintiff on August 16, 2019 but denies the remaining allegations in paragraph 87 of Plaintiff's *Original Complaint*.

88. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 88 of Plaintiff's *Original Complaint*, and therefore denies the same.

89. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 89 of Plaintiff's *Original Complaint*, and therefore denies the same.

90. Defendant denies the allegations contained in paragraph 90 of Plaintiff's *Original Complaint*.

91. Defendant denies the allegations contained in paragraph 91 of Plaintiff's *Original Complaint*.

92. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 92 of Plaintiff's *Original Complaint*, and therefore denies the same.

93. Defendant denies the allegations contained in paragraph 93 of Plaintiff's *Original Complaint*.

94. Defendant denies the allegations contained in paragraph 94 of Plaintiff's *Original Complaint*.

95. Defendant lacks specific knowledge or information to form a belief as to the truth or falsity of the allegation in paragraph 95 of Plaintiff's *Original Complaint*, and therefore denies the same.

96. Defendant incorporates by reference and re-alleges its answers to the other allegations in Plaintiff's *Original Complaint.*

97. Defendant admits there is a controversy between Plaintiff and Defendant as alleged in paragraph 97 of Plaintiff's *Original Complaint.*

    a. Defendant admits there is a controversy regarding whether Defendant is entitled to legal fees from Defendant as alleged in paragraph 97(a) of Plaintiff's *Original Complaint.*

    b. Defendant denies the allegation contained in paragraph 97(b) of Plaintiff's *Original Complaint.*

    c. Defendant denies the allegation contained in paragraph 97(c) of Plaintiff's *Original Complaint.*

    d. Defendant denies the allegation contained in paragraph 97(d) of Plaintiff's *Original Complaint.*

98. The allegation in paragraph 98 of Plaintiff's *Original Complaint* calls for a legal conclusion for which no answer is required.

99. The allegation in paragraph 99 of Plaintiff's *Original Complaint* calls for a legal conclusion for which no answer is required.

100. The allegation in paragraph 100 of Plaintiff's *Original Complaint* calls for a legal conclusion for which no answer is required.

101. The allegation in paragraph 101 of Plaintiff's *Original Complaint* calls for a legal conclusion for which no answer is required.

102. Defendant admits Plaintiff is seeking the remedies stated in paragraph 102 of Plaintiff's *Original Complaint* but denies that Plaintiff is entitled to the same.

a.  Defendant admits Plaintiff is seeking the remedies stated in paragraph 102(a) of Plaintiff's *Original Complaint* but denies that Plaintiff is entitled to the same.

b.  Defendant admits Plaintiff is seeking the remedies stated in paragraph 102(b) of Plaintiff's *Original Complaint* but denies that Plaintiff is entitled to the same.

103.  Defendant denies the allegation contained in paragraph 103 of Plaintiff's *Original Complaint*.

104.  Defendant incorporates by reference and re-alleges its answers to the other allegations in Plaintiff's *Original Complaint*.

105.  The allegation in paragraph 105 of Plaintiff's *Original Complaint* calls for a legal conclusion for which no answer is required.

106.  The allegation in paragraph 106 of Plaintiff's *Original Complaint* calls for a legal conclusion for which no answer is required.

107.  The allegation in paragraph 107 of Plaintiff's *Original Complaint* calls for a legal conclusion for which no answer is required.

108.  The allegation in paragraph 108 of Plaintiff's *Original Complaint* calls for a legal conclusion for which no answer is required.

109.  The allegation in paragraph 109 of Plaintiff's *Original Complaint* calls for a legal conclusion for which no answer is required.

110.  The allegation in paragraph 110 of Plaintiff's *Original Complaint* calls for a legal conclusion for which no answer is required.

111.  The allegation in paragraph 111 of Plaintiff's *Original Complaint* calls for a legal conclusion for which no answer is required.

112.   Defendant incorporates by reference and re-alleges its answers to the other allegations in Plaintiff's *Original Complaint*.

113.   The allegation in paragraph 113 of Plaintiff's *Original Complaint* calls for a legal conclusion for which no answer is required.

114.   Defendant denies the allegations contained in paragraph 114 of Plaintiff's *Original Complaint*.

115.   The allegation in paragraph 115 of Plaintiff's *Original Complaint* calls for a legal conclusion for which no answer is required.

116.   The allegation in paragraph 116 of Plaintiff's *Original Complaint* calls for a legal conclusion for which no answer is required.

117.   The allegation in paragraph 117 of Plaintiff's *Original Complaint* calls for a legal conclusion for which no answer is required.

118.   The allegation in paragraph 118 of Plaintiff's *Original Complaint* calls for a legal conclusion for which no answer is required.

119.   The allegation in paragraph 119 of Plaintiff's *Original Complaint* calls for a legal conclusion for which no answer is required.

## AFFIRMATIVE DEFENSES

120.   Plaintiff's claims are barred, in whole or in part, because Plaintiff materially breached the agreement entered into with Defendant.

121.   Plaintiff's claims are barred, in whole or in part, due to breaching the contract in issue first.

122.   Plaintiff's claims are barred, in whole or in part, by the doctrine of repudiation.

123.    Plaintiff's claims are barred, in whole or in part, by its own negligence or other fault, which was the proximate cause of Plaintiff's alleged damages, if any.

124.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

125.    Plaintiff's claims are barred, in whole or in part, by the speculative damages doctrine.

126.    Plaintiff's claims for compensatory and punitive damages are barred, in whole or in part, by Chapter 41 of the Texas Civil Practice and Remedies Code, §21.2585(d) of the Texas Labor Code, 41 U.S.C. §1981a, the United States Constitution and/or the Texas Constitution.

127.    Plaintiff fails to state a claim upon which relief can be granted.

128.    Plaintiff's claims are barred, in whole or in part, by the doctrine of proportionate responsibility.

129.    Plaintiff's claims are barred, in whole or in part, by the doctrine of *excuse* and/or justification.

130.    Plaintiffs' claims are barred, in whole or in part, by provisions of the written contract between Plaintiffs and Defendant.

131.    Plaintiff's claims are barred, in whole or in part, by operation of law.

132.    Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with conditions precedent to asserting any cause of action against Defendant.

133.    Plaintiff's claims are barred, in whole or in part, because it would be unconscionable for the Plaintiff to prevail on its breach of contract claim because the Plaintiff cannot accept the benefits of a contract and also seek to void the contract.

134.    Plaintiff's claims and alleged damages, if any, must be offset by the damages caused to Defendant.

135.   Plaintiff's claims are barred, in whole or in part, by the doctrine of Failure of

Presentment.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays the Plaintiff

take nothing by reason of his suit, that Defendant be awarded its costs and fees, and that this

Court grant any such other and further relief to which Defendant may be entitled, in law and in

equity.

Respectfully submitted,

EVAN LANE (VAN) SHAW
State Bar No. 18140500
JEREMY B. (BEAU) POWELL
State Bar No. 24099163
DAVID J. WELCH
State Bar No. 24098593
LAW OFFICES OF VAN SHAW
2723 Fairmount
Dallas, Texas 75201
(214) 754-7110
FAX NO. (214) 754-7115
van@shawlaw.net
beau@shawlaw.net
david@shawlaw.net

ATTORNEYS FOR VOKEY DEFENDANTS

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with the Rules of Civil Procedure, on this _____ day of October 2019.

_____
Jeremy B. (Beau) Powell